IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROGER D. BURRESS

    Movant,

v.                                Case No. 2:14-cv-24193
                                       Criminal Case No. 2:03-cr-00024

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are two nearly identical *pro se* motions filed by Movant Roger D. Burress ("Burress") that are both entitled Motion to Dismiss Indictment, Conviction and Sentence for Lack of Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(B)(1) and 12(b)(3) Federal Rules of Civil Precedure [*sic*]. (ECF Nos. 169, 171).[1] For the reasons stated below, the undersigned construes both of these motions as Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that

---

[1] The docket entries referenced throughout this PF & R are taken from the proceedings of record in Burress's criminal case and cite to Case No. 2:03-cr-00024.

1

Burress's motions are second or successive § 2255 motions for which he has not received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Therefore, the undersigned respectfully **RECOMMENDS** that the motions be **DENIED**, and that this matter be **DISMISSED** from the docket of the Court.

I.     **Procedural Background**

On July 14, 2003, Burress pled guilty in this district to one count of being a felon in possession of a firearm, contrary to 18 U.S.C. § 922(g)(1). (ECF No. 73 at 2). On January 20, 2005, the presiding District Judge sentenced Burress to 210 months' imprisonment and five years' supervised release. (ECF No. 116 at 2). Burress subsequently appealed his sentence to the Fourth Circuit, and the Court affirmed the sentence on April 18, 2006. (ECF No. 140). Burress did not seek a writ of certiorari from the United States Supreme Court.

On January 13, 2010, Burress filed a Motion to Vacate, Set Aside Sentence, Correct Sentence, or Set for Re-sentencing, pursuant to 28 U.S.C. § 2255. (ECF No. 151). The presiding District Judge entered an order denying Burress's motion as untimely on June 17, 2010. (ECF Nos. 158, 159). Thereafter, Burress sought a certificate of appealability from the Fourth Circuit. (ECF No. 160). The Fourth Circuit denied his request and dismissed his appeal on November 3, 2010. (ECF Nos. 165, 166).

On July 10, 2014, Burress filed the instant Motion to Dismiss Indictment, Conviction and Sentence for Lack of Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(B)(1) and 12(b)(3) Federal Rules of Civil Precedure [*sic*]. (ECF No. 169). In the motion, Burress argues that the District Court lacked "exclusive as well as subject matter jurisdiction to arrest, indict, convict and sentence" him. (*Id.* at 1). Burress insists that the federal government's prosecution of "street crime" violates the Tenth

Amendment to the United States Constitution. (*Id.*) Burress filed an almost identical motion on August 4, 2014.[2] (ECF No. 171).

## II. Discussion

To start, the undersigned concludes that Burress's motions are properly construed as motions brought under § 2255.[3] Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). In this case, Burress's motions challenge the validity of his conviction and sentence on the ground that the District Court lacked "exclusive" jurisdiction and subject matter jurisdiction. A post-conviction motion challenging the trial court's subject matter jurisdiction is appropriately construed as a § 2255 motion. *See United States v. Farmer*, 633 F. App'x 182 (4th Cir. 2016); *United States v. McBride*, 556 F. App'x 696, 696 (10th Cir. 2014); *United States v. Jackson*, 193 F. App'x 227 (4th Cir. 2006); *Escalanti v. United States*, 977 F.2d 588, 1992 WL 276977, at *2 (9th Cir. Oct. 9, 1992) (unpublished table decision); *United States v. Cline*, No. 00-40024-03, 2008 WL 1826057, at *1 (D. Kan. Apr. 23, 2008); *Mitchell v. Wendt*, No. 3-04-cv-1435, 2004 WL 1809802, at *1 (N.D. Tex. Aug. 12, 2004); *Brinkley v. United States*, No. 391CR131, 2001 WL 34013442, at *1 (W.D.N.C. May 31, 2001). As such, the undersigned construes

---

[2] On October 23, 2014, Burress filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court, and that petition was transferred to the United States District Court for the District of South Carolina. *See Burress v. Cruz*, No. 2:14-27192, 2014 WL 5465746, at *1 (S.D.W.Va. Oct. 28, 2014). On November 16, 2015, Burress filed a Motion to Re-sentence in light of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (ECF No. 173). That motion was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge. (ECF No. 198). By standing order, Burress was appointed counsel to represent him on that motion. (ECF No. 194). After filing the motion, Burress sought authorization from the Fourth Circuit to file a second or successive § 2255 motion raising a claim under *Johnson* in this District, which apparently related to the November 16, 2015 motion that Burress had already filed. The Fourth Circuit granted his request for authorization on June 13, 2016, (ECF No. 200), and his *Johnson* claim is still pending in this District.

[3] Given that Burress has previously filed a § 2255 motion, the procedures described in *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), are inapplicable.

3

Burress's motions as motions brought under § 2255.

Because Burress has previously filed a § 2255 motion in this Court, the undersigned must consider whether the instant motions are second or successive motions within the meaning of 28 U.S.C. § 2255(h) and § 2244(b)(3). Section 2255 does not define the term "second or successive," and the Fourth Circuit has recognized that not every "numerically second § 2255 motion should not be considered second or successive." *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). A numerically second motion that relies on facts that were unavailable to the movant at the time that the first motion was adjudicated may not be a second or successive motion for the purposes of § 2255(h) and § 2244(b)(3). *Id.* Additionally, "[i]n order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). The dismissal of a § 2255 motion as untimely constitutes an adjudication on the merits. *See White v. United States*, 53 F. Supp. 3d 830, 834 (D.S.C. 2014); *Newsome v. United States*, No. 4:13cv128, 2013 WL 11531648, at *3 (E.D. Va. Sept. 25, 2013); *Rudisill v. United States*, No. 1:10cv253, 2010 WL 4510913, at *2 (W.D.N.C. Nov. 2, 2010); *Stapleton v. United States*, 392 F. Supp. 2d 754, 756-57 (W.D. Va. 2005).

Here, Burress's first § 2255 motion was dismissed by this Court as untimely. Moreover, the instant motions do not rely on facts that were unavailable to Burress at the time that he filed his first motion. Accordingly, the undersigned **FINDS** that Burress's motions are second or successive motions that are subject to the limitations described in 28 U.S.C. § 2255(h) and § 2244(b)(3).

"[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). Burress has not received authorization from the Fourth Circuit to file the instant motions under § 2255. Therefore, the Court is without jurisdiction to review the motions. *See id.* at 207 (recognizing that district court lacks jurisdiction to review second or successive § 2255 motion without authorization from appropriate court of appeals).

Rather than dismiss the motions for lack of jurisdiction, the Court possesses the discretion to recharacterize Burress's motions as motions for pre-filing authorization and transfer them to the Fourth Circuit. Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). On the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Consequently, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under

5

§ 1631 that were frivolous)).

For a court of appeals to grant a movant's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the motions, Burress has not set forth a claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Because the motions do not allege a claim under either prong of § 2255(h), transfer to the Fourth Circuit is not "in the interest of justice."

Turning to the timeliness of this action, under the Anti–Terrorism and Effective Death Penalty Act of 1996, a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the motions, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsections 2, 3 or 4 of § 2255(f). Therefore, subsection 1 of § 2255(f) applies to Burress's motions.

6

As this Court has previously explained, Burress's judgment of conviction became final for the purposes of § 2255(f)(1) on July 17, 2006, ninety days after the Fourth Circuit entered its judgment denying Burress's direct appeal when the time for seeking a writ of certiorari expired. (ECF No. 158 at 2). Accordingly, the last date on which Burress could have timely filed a motion under § 2255(f)(1) was July 17, 2007. He did not file the instant motions until July and August 2014. (ECF Nos. 169, 171). Thus, the motions were clearly filed after expiration of the one-year limitation period, and no tolling events occurred that would render the motions timely. Accordingly, the untimeliness of the motions provides an additional reason as to why transfer to the Fourth Circuit is not "in the interest of justice."

## III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the two motions filed by Burress entitled Motion to Dismiss Indictment, Conviction and Sentence for Lack of Exclusive Legislative and Subject Matter Jurisdiction Pursuant to Rule 12(B)(1) and 12(b)(3) Federal Rules of Civil Precedure [*sic*], (ECF Nos. 169, 171), be **DENIED**, and that this civil action be **DISMISSED** and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk

of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and Respondent.

**FILED:** July 27, 2016

Cheryl A. Eifert
United States Magistrate Judge

8